UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>      v. )<br>)<br>ARCHIL GRDZELISHVILI, )<br>(a/k/a "Archie Longson"), )<br>             Defendant. ) | Criminal No. 24-CR-10130-AK |

### ORDER OF FORFEITURE (MONEY JUDGMENT)

**KELLEY, D.J.**

      WHEREAS, on May 7, 2024, the Acting United States Attorney for the District of Massachusetts filed a nine-count Information, charging defendant Archil Grdzelishvili, a/k/a "Archie Longson" (the "Defendant"), with Bank Fraud and Attempt, in violation of 18 U.S.C. §§ 1344 and 1349 (Counts One through Nine);

      WHEREAS, The Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(2)(A), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offenses alleged in Counts One through Nine of the Information, of any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses;

      WHEREAS, Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without

1

difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b);

WHEREAS, June 10, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Nine of the Information, pursuant to a written plea agreement that he signed on April 30, 2024;

WHEREAS in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $140,200 on the grounds that such amount is equal to the amount of proceeds the defendant derived from the offenses as a result of his guilty plea;

WHEREAS, in Section 6 of the plea agreement, the Defendant agreed to forfeit to the United States $140,200 on the grounds that such amount is equal to the amount of proceeds the defendant derived from the offenses as a result of his guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on June 10, 2024, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $140,200 in United States currency, pursuant to 18 U.S.C. § 982(a)(2)(A);

WHEREAS, the amount of $140,200 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. §§ 1344 and 1349; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $140,200, pursuant to 18 U.S.C. § 982(a)(1)(A).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 18 U.S.C. 982(b), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

/s/ Angel Kelley  
**ANGEL KELLEY**  
United States District Judge

Dated: 11/20/2024